Filed 3/5/13  Retirement Bd. of the City and County of San Francisco v. Butler CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RETIREMENT BOARD OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Plaintiff,<br><br>v.<br><br>MARIE KOLB BUTLER,<br><br>        Defendant and Respondent;<br><br>JOHNNIE DAVID BYRD III,<br><br>        Defendant and Appellant. | A133608<br><br>(City & County of San Francisco Super. Ct. No. CGC-10-499309) |

**INTRODUCTION**

The Retirement Board (Retirement Board) of the City and County of San Francisco (City) filed an interpleader action with respect to $102,663.16 death benefits payable under the San Francisco Employees' Retirement System (SFERS) account for its deceased employee, Johnnie David Byrd (decedent).  Decedent's son, Johnnie David Byrd III, appeals from a judgment of the City and County of San Francisco Superior Court determining that Marie Kolb Butler, decedent's designated beneficiary and former domestic partner under the City Charter and City Administrative Code, was entitled to those retirement benefits.  We shall affirm the judgment.

**BACKGROUND**

Decedent was an employee of the City and a member of the SFERS at all relevant times.  Respondent and decedent registered with the City as domestic partners in March

1

2008, pursuant to Chapter 62 of the San Francisco Administrative Code. On August 19, 2008, decedent executed a "Change of Beneficiary Active Member" form, changing the beneficiary of his SFERS death benefits from appellant to respondent, with appellant listed as a contingent beneficiary in the event respondent did not survive the decedent. In the change of beneficiary form, respondent is identified in the "relationship" box as "Dom. Partner." The domestic partnership between appellant and decedent was dissolved on November 3, 2008, by decedent's executing and filing a notarized "Notice for Ending a Domestic Partnership" with the City, and his serving the same on respondent. (S.F. Admin. Code, § 62.4.) Decedent died testate on April 12, 2009. [1] Between the end of the domestic partnership and decedent's death, the beneficiary designation naming respondent as the primary beneficiary of decedent's death benefits was not changed.

According to a declaration filed by the Jay Huish, deputy director of SFERS, "SFERS is required to pay death benefits to the member's estate or designated beneficiary under [the City] Charter [section]A8.587-5(a). SFERS' longstanding practice is to pay the designated beneficiary first pursuant to the terms of the Change of Beneficiary form executed by the member and filed with SFERS." SFERS notified respondent that she might be entitled to a death benefit as decedent's primary beneficiary. Appellant asserted a claim to the death benefit and provided a copy of the notice of the ending of the domestic partnership. Respondent sent to SFERS a handwritten note allegedly from decedent expressing his intent to leave her as his beneficiary for retirement purposes, notwithstanding the end of their domestic partnership.

As conflicting demands were made for the decedent's death benefit, the Retirement Board filed the instant complaint in interpleader, seeking an order interpleading the funds and discharging it from liability on account of the death benefit. On September 30, 2010, the superior court granted that motion and filed an order

_____

[1] Because his will and trust were executed before decedent's domestic partnership with respondent, they were not material to decedent's intent regarding the interpleaded funds.

2

discharging the Retirement Board from liability, dismissing it from the action and ordering appellant and respondent to litigate the matter.

At the one-day court trial, the court refused to admit the note proffered by respondent into evidence, finding it lacked adequate foundation despite respondent's testimony that it was the decedent's handwriting, where respondent did not testify she saw the decedent writing it, and where appellant testified it did not look like decedent's handwriting. The court determined the signature did not match the decedent's handwriting. This determination is not challenged on appeal.

Nevertheless, the trial court ruled in favor of respondent in an oral statement of decision, rendered on September 21, 2011. The court observed that it had initially concluded there appeared to be a conflict between the City Charter provision A8 (relating to employee death and retirement benefits) and Probate Code section 5600 (voiding nonprobate transfers to a spouse, where executed before or during marriage, if, at the time of the transferor's death, the marriage has been dissolved or annulled).[2] However, the court was persuaded by the argument of respondent's counsel that the domestic partnership was not recognized by the state because it was not registered with the California Secretary of State as required by Family Code sections 297 and 298, and therefore, the court "should not use Probate Code section 5600." The court concluded "that because Ms. Butler and Mr. Byrd, the decedent, failed to comply with state law, i.e., registering the domestic partnership with the state, that actually there was no conflict anymore because state law, i.e. [section] 5600, would not apply, and therefore the Court in this instance . . . has determined that because there was no conflict of law, the charter would apply, and because the charter applies, that means that the existing designation of . . . Ms. Butler would prevail in this particular instance . . . ."

Judgment was entered on October 11, 2011, and this timely appeal followed.

---

[2] All statutory references are to the Probate Code, unless otherwise indicated.

3

## DISCUSSION

### I. The Merits

We begin with the standard of review: "We presume the superior court's order to be correct and indulge all intendments and presumptions to support it regarding matters as to which the record is silent. [Citations.] [The appealing parties] have the burden to affirmatively show error. [Citation.] [¶] 'As to pure questions of law, such as procedural matters or interpretations of rules or statutes, we exercise our independent judgment. [Citations.]' [Citation.] The application of a statute to undisputed facts also presents a question of law subject to de novo review. [Citation.] To the extent our review requires consideration of the superior court's determination of disputed factual issues, we affirm these findings if substantial evidence supports them. [Citation.]" (*Phillips, Spallas & Angstadt, LLP v. Fotouhi* (2011) 197 Cal.App.4th 1132, 1138-1139; see Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶¶ 8:33, 8:35, 8:39, pp. 8.18 to 8.20 (Eisenberg, et al., Civil Appeals and Writs).)

Appellant contends that the judgment must be reversed because the trial court relied upon the lack of registration of the domestic partnership with the state, where no evidence whatsoever was presented on that issue; the judgment was not supported by sufficient evidence; and respondent did not meet her burden of proving that section 5600 did not apply in this case.

At trial, the primary dispute centered on the applicability of section 5600, subdivisions (a) and (b) and whether the requirements of subdivision (b) regarding the decedent's intent were met. Section 5600 provides in relevant part:

"(a) Except as provided in subdivision (b), a nonprobate transfer to the transferor's former spouse, in an instrument executed by the transferor before or during the marriage, fails if, at the time of the transferor's death, the former spouse is not the transferor's surviving spouse as defined in Section 78, as a result of the dissolution or annulment of the marriage. A judgment of legal separation that does not terminate the status of husband and wife is not a dissolution for purposes of this section.

4

"(b) Subdivision (a) does not cause a nonprobate transfer to fail in any of the following cases: [¶] . . .[¶] (2) There is clear and convincing evidence that the transferor intended to preserve the nonprobate transfer to the former spouse. . . ."

Appellant argued the death benefit designation was a nonprobate transfer that failed under section 5600, subdivision (a) upon termination of the domestic partnership. Respondent maintained that the note expressing the decedent's continued intent that she receive his death benefits provided such clear and convincing evidence of his intent to preserve the nonprobate transfer of his retirement death benefit.

Counsel for respondent argued, in addition, both at the outset of trial and in closing argument, that section 5600 was inapplicable here, as decedent and respondent were never married and they never entered into an equivalent domestic partnership *registered with the State of California* as required by Family Code section 297, subdivision (b).[3]

---

[3] Family Code section 297 provides:

"(a) Domestic partners are two adults who have chosen to share one another's lives in an intimate and committed relationship of mutual caring.

" (b) *A domestic partnership shall be established in California when both persons file a Declaration of Domestic Partnership with the Secretary of State pursuant to this division, and, at the time of filing, all of the following requirements are met:*

"(1) Neither person is married to someone else or is a member of another domestic partnership with someone else that has not been terminated, dissolved, or adjudged a nullity.

"(2) The two persons are not related by blood in a way that would prevent them from being married to each other in this state.

"(3) Both persons are at least 18 years of age, except as provided in Section 297.1.

"(4) *Either* of the following:

"(A) Both persons are members of the same sex.

"(B) One or both of the persons meet the eligibility criteria under Title II of the Social Security Act as defined in Section 402(a) of Title 42 of the United States Code for old-age insurance benefits or Title XVI of the Social Security Act as defined in Section 1381 of Title 42 of the United States Code for aged individuals. *Notwithstanding any other provision of this section, persons of opposite sexes may not constitute a domestic partnership unless one or both of the persons are over 62 years of age.*

No evidence whatsoever was presented on the question whether decedent and respondent's domestic partnership was ever registered with the state pursuant to Family Code section 297. Nor does it appear in the record whether they even qualified for state registration as domestic partners under that statute. (See Fam. Code, § 297, subd. (b)(4)(B) [at least one of an opposite sex couple must be over 62 years of age].) Counsel for appellant candidly admitted that he had not briefed the issue and that he was "not familiar with that law that requires a domestic partnership to be registered with the California Secretary of State."

Appellant contends, without citing authority, that it was respondent's burden to show that section 5600 did not apply, by producing evidence that the domestic partnership was never registered with the state. We disagree.

At the outset of trial, the court stated that the matter was going to depend upon its interpretation of section 5600 and whether there was clear and convincing evidence to show the decedent's intent. The court also observed that it was respondent's burden to show the decedent's intent by clear and convincing evidence. The court's comments referred to the requirement of section 5600, subdivision (b)(2), that a nonprobate transfer does not fail, despite subsequent dissolution of the marriage, where "[t]here is clear and convincing evidence that the transferor intended to preserve the nonprobate transfer to the former spouse." However, the trial court's statement does not describe the burden of proof that applies where, as here, the court correctly determined section 5600 to be inapplicable. Nor did it describe the standard of review under which we operate here.

Respondent presented evidence that the deceased had named her as the primary beneficiary of his death benefits by executing and filing the change of beneficiary form in accordance with the City Charter. That evidence was undisputed, as was the evidence that decedent never changed that form to remove her as his beneficiary, even when he ended their domestic partnership. In so showing, respondent met any applicable burden. (Evid. Code, § 500 ["Except as otherwise provided by law, a party has the burden of

---

"(5) Both persons are capable of consenting to the domestic partnership." (Italics added.)

6

proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."].)

As stated in the declaration the deputy director of SFERS, and in accordance with the applicable provisions of the San Francisco Charter regarding death benefits, SFERS was required to pay death benefits to the member's estate or designated beneficiary under City Charter section A8.587-5(a).[4]  "SFERS' longstanding practice is to pay the designated beneficiary first pursuant to the terms of the Change of Beneficiary form executed by the member and filed with SFERS."  Appellant points to nothing indicating that a member could not designate *any* person, related or not, as his or her "designated beneficiary" for purposes of this provision.  Decedent's designation of respondent as the beneficiary of his death benefits and his failure to change that designation despite ending their domestic partnership provides substantial evidence supporting the court's judgment here.

As the party challenging the propriety of payment of death benefits to the person designated by the decedent on his change of beneficiary form, *appellant* was the party required to show the applicability of section 5600 to void that payment.  No direct evidence was presented regarding whether the parties registered their domestic partnership with the state.  Respondent's testimony that she and decedent registered their domestic partnership with the *City*, supports an inference that the City was the only jurisdiction in which it was registered.  In any event, respondent was not required to show they did *not* register their partnership in order to defeat appellant's claim.  That section 5600 exists does not render it applicable here, where there was no evidence decedent and respondent registered their partnership, as required by Family Code section 297.  Indeed, there was no evidence that they would have qualified for registration under that statute.  As section 5600 refers to the transferor's former *spouse*,

_____

[4] "Regardless of cause, a death benefit shall be paid to the member's estate or designated beneficiary consisting of the compensation earnable by the member during the six months immediately preceding death, plus the member's contributions and interest credited thereon."  (S.F. Charter, § A8.587-5(a)(1).)

7

and a transfer before or during the *marriage*, the trial court correctly determined that section has no applicability in the absence of a *registered* domestic partnership recognized by the state.  Family Code section 297.5, subdivision (a), provides: "*Registered* domestic partners shall have the same rights, protections, and benefits, and shall be subject to the same responsibilities, obligations, and duties under law, whether they derive from statutes, administrative regulations, court rules, government policies, common law, or any other provisions or sources of law, as are granted to and imposed upon spouses."  (Italics added.)  A parallel provision provides that former registered domestic partners will be treated as former spouses.  (Fam. Code, § 297.5, subd. (b).)  Had appellant produced evidence the parties had registered their domestic partnership with the California Secretary of State in accordance with Family Code section 298, subdivision (c), section 5600 would have applied and the court would have been required to determine whether the fact that decedent never removed recipient as his designated beneficiary after the ending of their domestic partnership, constitutes sufficient clear and convincing evidence of decedent's intent that respondent continue as his beneficiary.

We also observe that the equation of domestic partnerships with marriage with respect to the City's retirement system under the City Charter does not result in the incorporation of all state laws relating to married couples—nor do the City Charter or Administrative Code purport to do so.  The City Charter equates domestic partnerships established in accordance with chapter 62 of the City Administrative Code with marriages, such domestic partners with spouses, and termination of such domestic partnerships under that chapter of the Administrative Code with dissolution of marriage *with respect to the retirement system*.  (See S.F. Admin. Code, §§ 62.1 - 62.13.)  San Francisco Charter section A8.500-2, "Domestic Partner Qualified Survivor Benefits," provides that "[w]*ith respect to the retirement system*, domestic partnerships shall be treated exactly the same as marriages, domestic partners shall be treated exactly the same as spouses, termination of a domestic partnership shall be treated exactly the same as a dissolution of marriage and qualified surviving domestic partners shall be treated exactly the same as qualified surviving spouses, respectively."  (Italics added.)  City Charter

provisions regarding death benefits contain no provision similar to section 5600 voiding nonprobate transfers where the parties' marriage (or registered domestic partnership) fails.

Appellant contends the court relied upon counsel's statement that decedent and respondent were *not* registered domestic partners under state law pursuant to Family Code section 298, and thus based its ruling on facts not in evidence. As we have acknowledged, there was no evidence either way on the question whether the parties were registered under state law. As appellant bore the burden of showing that section 5600 applied to the case, requiring that he must at least produce some evidence that decedent and respondent had actually registered their domestic partnership with the California Secretary of State, the court could find in favor of respondent that the state statute did not apply. As a general proposition, we review the court's *decision*, not its reasons. (Eisenberg, et al., Civil Appeals and Writs, *supra,* [¶] 8:214, pp. 8-147 to 8-148 ["Subject to certain exceptions . . . , an appealed judgment or order *correct on any theory* will be *affirmed,* even though the trial court's reasoning may have been erroneous; i.e., appellate courts will not review the *reasons* for the trial court's decision. [Citations.]"].)

Nor does it appear that any alleged deficient "finding" in the court's oral statement of decision was brought to the trial court's attention. Where parties fail to timely bring alleged deficiencies in a statement of decision to the trial court's attention, defects are *waived.* (Code Civ. Proc., § 634; Eisenberg, et al., Civil Appeals and Writs, *supra,* ¶¶ 8:23-8:23a, p. 8-9.)

Even were we to assume the court erred in treating the claim that the parties had not registered their domestic partnership with the state as a matter on which evidence had been received, rather than as a failure by appellant to present evidence on an issue upon which he bore the burden of proof, appellant has failed utterly to establish he was prejudiced by such failure. He makes no claim in his briefs on appeal that decedent and respondent *qualified* as domestic partners under Family Code section 297. Nor does registration as domestic partners under City ordinances have any bearing on that question, as the City, unlike the state, has no requirement that domestic partners be either

9

the same sex or have attained a certain age. Absent any showing of prejudice, reversal is not required. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [a miscarriage of justice will be declared only when the appellate court, after examining the entire case, concludes that " 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' "]; see Eisenberg, et al., Civil Appeals and Writs, *supra,* ¶¶ 8:285 – 8:292, pp. 8.184 to 8.185.)

## II. Sanctions Request

Respondent seeks $11,248.95 in attorney fees for the filing of a frivolous appeal. In our order of September 6, 2012, we advised the parties that we were taking the sanctions motion under submission to be decided with the merits of the appeal. Although we have determined the appeal to be without merit, we do not find it was "frivolous or taken solely for delay." (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.267(a)(1).) As recognized by our California Supreme Court, "any definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) We see no evidence that the appeal was taken in bad faith or solely for purposes of delay. Consequently, we deny respondent's sanctions request.

## DISPOSITION

The judgment is affirmed. Respondent shall recover her costs on appeal.

10

_____
Kline, P.J.

We concur:


_____
Lambden, J.


_____
Richman, J.